750

**Charles W. VAN VOORHIS, Plaintiff,**

v.

**UNITED STATES STEEL CORPORATION, Defendant.**

Civ. A. No. 14395.

United States District Court
W. D. Pennsylvania.

July 8, 1959.

———◆———

Dennis Harrington, of James P. Mc-Ardle, Pittsburgh, Pa., for plaintiff.

Ira R. Hill, of Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

In this personal injury action based upon the Jones Act, the jury rendered a verdict in favor of the seaman in the amount of $32,500, 46 U.S.C.A. § 688.

The sole issue before the court relates to defendant's motion for new trial on the ground that the verdict was excessive.

No question is raised as to the propriety of the court's rulings or charge to the jury, nor is it disputed that sufficient evidence was adduced at time of trial to sustain defendant's liability.

The evidence established that while the seaman was working with steel equipment at the head of a barge which at the time was being stretched by motion of defendant's tugboat, the weight suddenly released striking the seaman on the side of the face, and hurling him about ten feet across the barge.

The seaman suffered a severe laceration above the right eye deep enough to expose the bone. While hospitalized immediately thereafter, bits of broken teeth were removed from his gums, and he sustained the loss of several teeth. The unanimous medical testimony concluded that the seaman experiences traumatic neurosis, resulting in a disabling traumatically induced illness. To date the seaman has lost $3,400 in wages.

In view of the seaman's changes of personality resulting from his neurotic state, and the fact that he has continued to suffer disabling traumatic neurosis for a period approximating four years with the future prognosis guarded, and cognizant as I must be of the seaman's life expectancy of 31.4 years, and further considering the pain and suffering endured in the initial stages of the seaman's injury together with a substantial degree of disfigurement, I do not deem a verdict in the amount of $32,500 to be excessive.

As this Circuit has frequently reiterated, while an award may be high, it should stand if there is ample evidence to justify it. It is not my prerogative

to arbitrarily substitute my judgment for that of the jury. Trowbridge v. Abrasive Co. of Philadelphia, 3 Cir., 190 F.2d 825; Lebeck v. William A. Jarvis, Inc., 3 Cir., 250 F.2d 285; Thomas v. Conemaugh & Black Lick R. Co., 3 Cir., 234 F.2d 429.

Upon re-examination and meticulous review of the record, I am satisfied that the award was commensurate with the amount of damages evinced therein.

Motion for new trial will be refused.

An appropriate order is entered.